UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| TIMOTHY L. CUMMINGS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:11-CV-614 |
| | ) | | (VARLAN/SHIRLEY) |
| COMMISSIONER OF SOCIAL SECURITY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 19]. In the R&R, Magistrate Judge Shirley found that substantial evidence supports the Administrative Law Judge's ("ALJ") decision. Accordingly, the magistrate judge recommends that Plaintiff's Motion for Judgment on the Pleadings [Doc. 15] be denied and that the Commissioner's Motion for Summary Judgment [Doc. 17] be granted. Plaintiff filed objections to the R&R [Doc. 20]. The Commissioner has not responded to plaintiff's objections, and the time for doing so has passed. *See* Fed. R. Civ. P. 72(b)(2).

**I.     Standard of Review**

The Court must conduct a *de novo* review of the portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit*

*Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**II.    Analysis**

Plaintiff asserts that neither the ALJ nor the magistrate judge employed the level of scrutiny required by § 404.1527(d) when rejecting the opinion of a treating source. First, plaintiff specifically objects that the ALJ's decision states only that he "decline[d] to adopt" the opinion of plaintiff's treating psychiatrist, Gregory Gass, M.D., and therapist David Miller, L.C.S.W., rather than articulating the specific weight he was giving to the opinion [Doc. 20, p. 3 (citing Tr. 18)]. Pursuant to the Sixth Circuit's opinion in *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011), plaintiff claims that an ALJ rejecting the opinion of a treating source without articulating the weight it deserves is reversible error.

Next, plaintiff objects to the ALJ merely stating that Dr. Gass and Mr. Miller's opinion "is entirely inconsistent with the record as a whole and is not supported by the treatment records" [Doc. 20, pp. 3-4 (citing Tr. 18)]. Plaintiff asserts that this characterization of the treating source opinion fails because it does not identify or address specific discrepancies between the treating source opinion and the other evidence of record. Moreover, plaintiff recognizes that the R&R found that the ALJ complied with the requirements of the treating physician rule, as the ALJ "noted the Plaintiff's length of treatment with Mr. Miller and Dr. Gass [Tr. 15, 18], implicitly addressed the frequency of examination by discussing multiple visits [Tr. 15], and addressed the opinion's inconsistency with the record as a whole [Tr. 18]" [Doc. 19, p. 10]. Plaintiff, however, argues that the factors of the length of the treatment relationship and the frequency of examination support giving greater weight to the treating source opinion, particularly in light of the fact that the other medical opinions of record are from non-examining sources, or ones who examined plaintiff only once. Accordingly, plaintiff asserts that the R&R's finding that the ALJ considered the length of the treatment relationship and the frequency of examination is not supported by the ALJ's decision not to accept the treating source opinion.

Under the treating physician rule, "the Commissioner has mandated that the ALJ 'will' give a treating source's opinion controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record.'" *Cole v. Astrue*, 661

4

F.3d 931, 937 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). If an ALJ decides not to give the opinion of a treating physician controlling weight, "he must then balance the following factors to determine what weight to give it: 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.'" *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2))). The ALJ has a clear duty to "always give good reasons in [the] notice of determination or decision for the weight [it] give[s] [a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). The good reasons given must always be supported by evidence of record and must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Cole*, 661 F.3d at 937 (quoting Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996)).

The purpose behind the requirement that good reasons be given is "to safeguard the claimant's procedural rights[,]" and "is intended 'to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that [ ]he is not.'" *Cole*, 661 F.3d at 937-38 (quoting *Wilson*, 378 F.3d at 544).

5

"A finding that a treating source medical opinion . . . is not entitled to controlling weight [does] not [mean] that the opinion should be rejected." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009). "In addition to balancing the factors to determine what weight to give a treating source opinion denied controlling weight, the agency specifically requires the ALJ to give good reasons for the weight actually assigned." *Cole*, 661 F.3d at 938.

"On the other hand, opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.'" *Gayheart v. Comm'r of Soc. Sec.*, No. 12-3553, --- F.3d ---, 2013 WL 896255, *9 (6th Cir. Mar. 12, 2013). These are instead weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." *Id.* (citing 20 C.F.R. § 404.1527(c)).

Dr. Gregory Gass and David Miller, a Licensed Clinical Social Worker, completed a Medical Record Summation Inquiry form (the "summation form") in July 2010, which indicated that plaintiff had a fair to poor ability to perform activities of daily living, to interact and communicate effectively in social functioning, to adapt, and to maintain concentration, persistence, or pace. With regard to the Medical Record Summation Inquiry completed by Dr. Gass and Mr. Miller, the ALJ explained:

> The claimant also received conservative treatment at Interfaith for his depression and anxiety from January 2008 to April 2011. Although the claimant received treatment for his allegedly disabling conditions, that treatment has been essentially routine and conservative in nature. Dr. Gass

and L.C.S.W. Miller's opinion is entirely inconsistent with the record as a whole and is not supported by the treatment records.

[Tr. 18]. After reciting part of the treating physician rule and regulations he deemed at issue, the ALJ concluded: "Ultimately, Dr. Gass and Mr. Miller's opinion are (sic) without substantial support from the other evidence of record, which obviously renders it less persuasive, and the undersigned thus declines to adopt it" [Tr. 18 (citation omitted)].

The magistrate judge addressed plaintiff's argument that the ALJ erred in not affording proper weight to the findings in the summation form. The magistrate judge summarized the findings in the summation form as follows:

> The Summation Inquiry states that the Plaintiff suffers from post-traumatic stress disorder and depression. Responses to a series of multiple choice questions contained therein indicate that the Plaintiff has: poor social functioning; poor concentration, persistence, and pace; poor ability to adapt to stressful situations; poor ability to remember and carry out detailed or complex instructions; poor ability to behave in an emotionally stable manner; and poor ability to relate predictably in social situations. [Tr. 236]. The Summation Inquiry indicates that the Plaintiff has a fair ability to perform the activities of daily living independently and to follow simple instructions. [Id.]. Therein, Mr. Miller and/or Dr. Gass indicated that the Plaintiff could not be reliable in attending an eight-hour day for forty hours per week [Tr. 235], and that his current Global Assessment of Functioning Score was 55 [Tr. 237].

[Doc. 19, p. 7]. Reviewing the ALJ's opinion to determine whether he appropriately considered the summation form when making his disability determination, the magistrate judge found that the ALJ had considered the summation form to be a treating source

7

opinion.[1] The magistrate judge found that the ALJ complied with his obligations under the treating source rule, noting the length of treatment with Dr. Gass and Mr. Miller, "implicitly addressing the frequency of examination by discussing multiple visits," considering the relevant evidence supporting the summation form's findings, and addressing the consistency with the record as a whole [Doc. 19, p. 10 (citations omitted)]. The magistrate judge listed the other evidence of record considered by the ALJ, the nontreating source opinions, which could be considered inconsistent with the treating source opinion. The magistrate judge additionally determined that the ALJ gave "good reasons" for not giving controlling weight to the summation form, although the R&R does not specifically state what those reasons are.

The Court finds that plaintiff's objections have merit and first finds that the ALJ erred by failing to assign weight to the treating source opinion. Finding that a treating

---

[1] The R&R discusses that, in light of Mr. Miller's status as a social worker, an "other source" within the meaning of 20 C.F.R. § 404.1513(d), rather than an "acceptable medical source," "[t]he ALJ could have arguably treated the Summation Inquiry as an opinion from a social worker rather than as an opinion from a treating source" [Doc. 19, p. 10]. Because the magistrate judge found that the ALJ "addressed the opinion as a treating source opinion and analyzed it pursuant to the treating source rule[,]" the magistrate judge analyzed the ALJ's opinion under the requirements of the treating source rule and found that the ALJ complied with his obligations thereunder [*Id.* at pp. 9-11]. While plaintiff's objections to the R&R take issue with the magistrate judge's discussion of the summation form as a document of mixed authorship, the Court finds it unnecessary to address the R&R's characterization of the authorship of the summation form. Neither plaintiff nor Commissioner took issue with the ALJ's treatment of the summation form as an opinion of a treating source in their motions or memorandums in support of their motions for summary judgment [Docs. 16, 18], and the Commissioner did not file a response to plaintiff's objections to the R&R [Doc. 20]. Accordingly and in light of the magistrate judge's analysis of the ALJ's opinion under the treating physician rule, the R&R's discussion of the implications of the mixed authorship of the form is dicta, and the Court considers the summation form as a treating source opinion in its review of the ALJ's opinion.
8
x

source opinion is not entitled to controlling weight does not automatically mean that it should be entitled to no weight. *Blakley*, 581 F.3d at 408. In this case, while the ALJ stated that he declined to adopt the treating source opinion, he did not specify what weight he did give to the opinion. An ALJ not assigning a specific weight to a treating source opinion "alone constitutes error[.]" *Cole*, 661 F.3d at 938 (citing *Blakley*, 581 F.3d at 408).

Moreover, the Court finds that the ALJ erred in his failure to appropriately weigh and give good reasons for not given controlling weight to the findings in the summation form. If the ALJ finds that the opinion of a treating source is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence . . . of record," the ALJ should give the opinion controlling weight. 20 C.F.R. § 404.1527(c)(2). In the recent opinion of *Gayheart*, --- F.3d ---, 2013 WL 896255, the Sixth Circuit further clarified the procedure and reemphasized the purpose of the treating physician rule. The Sixth Circuit in *Gayheart* found that the ALJ did not provide good reasons for why he found that the opinion of Dr. Onady, the claimant's treating physician, was not well-supported by objective findings, was not consistent with other substantial evidence of record, and was entitled to "little weight." *Id.* at *10. The Sixth Circuit analyzed the ALJ's treatment of Dr. Onady's opinion as follows:

> To be sure, the ALJ discusses the frequency and nature of Dr. Onady's treatment relationship with Gayheart, as well as alleged internal inconsistencies between the doctor's opinions and portions of her reports.

9

> But these factors are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight. *See* 20 C.F.R. § 404.1527(c)(2) (listing seven specific factors to be applied when a treating-source opinion is not given controlling weight, including the general consistency of the opinion with the record as a whole). The ALJ also concludes that Dr. Onady's opinions "seem[ ] to have minimized the impact of the claimant's alcohol abuse." Putting aside for the moment whether the ALJ had a proper basis for his conclusion regarding such impact, the analysis does not explain to which aspect of the controlling-weight test this critique is relevant.
>
> The failure to provide "good reasons" for not giving Dr. Onady's opinions controlling weight hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation. *See Wilson,* 378 F.3d at 544. For example, the conclusion that Dr. Onady's opinions "are not well-supported by any objective findings" is ambiguous. One cannot determine whether the purported problem is that the opinions rely on findings that are not objective (i.e., that are not the result of medically acceptable clinical and laboratory diagnostic techniques, *see* 20 C.F.R. § 404.1527(c)(2)), or that the findings are sufficiently objective but do not support the content of the opinions.
>
> Similarly, the ALJ does not identify the substantial evidence that is purportedly inconsistent with Dr. Onady's opinions. Surely the conflicting substantial evidence must consist of more than the medical opinions of the nontreating and nonexamining doctors. Otherwise the treating-physician rule would have no practical force because the treating source's opinion would have controlling weight only when the other sources agreed with that opinion. Such a rule would turn on its head the regulation's presumption of giving greater weight to treating sources because the weight of such sources would hinge on their consistency with nontreating, nonexamining sources.
>
> As noted above, the ALJ provided a modicum of reasoning that is relevant to how Dr. Onady's opinions should be weighed *after* determining that they were not controlling, but even this reasoning fails to justify giving those opinions "little weight."
> . . . .

*Id.* at *10-11. The Sixth Circuit also found that the ALJ's decision did not at all indicate that he considered the § 404.1527(c) factors of supportability, consistency, and

10

specialization when weighing the consultative doctors' opinions and found that "[a] more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation requires." *Id.* at *13 (citing 20 C.F.R. 404.1527(c); Soc. Sec. Rul. No. 96-6p, 1996 WL 374180, at *2). The court also noted that while the regulations allow, under some circumstances after a properly balanced analysis, ALJs to give more weight to the consultative doctor opinions than treating physician opinions, "the regulations do not allow the application of greater scrutiny to a treating-source opinion as a means to justify giving such an opinion little weight." *Id.*

Reviewing the ALJ's opinion in light of *Gayheart* and other recent Sixth Circuit jurisprudence, the Court finds that the ALJ did not properly apply the treating physician rule to the case at hand. The magistrate judge found that the ALJ "implicitly" discussed the relevant factors of the length of treatment relationship and the frequency of examination, when the ALJ wrote that the clinic treatment records were from January 2008 until April 2011 and mentioned records and notes from a few different clinic visits. However, there is no indication that the ALJ considered those factors in determining what weight to give to the summation form. In fact, as plaintiff argues, a length of treatment of more than three years suggests that the opinion expressed in the summation form would be given greater rather than less weight. Regardless of whether the ALJ considered those factors, as the Sixth Circuit recognized in *Gayheart*, the balance of the factors of the length of the treatment relationship and the frequency of examination, the nature and

11

extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source "are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, --- F.3d ---, 2013 WL 896255, at *10; *see also Cole*, 661 F.3d at 937. In this case, the ALJ never determined what weight to give the opinions in the summation form and stated only that he declined to adopt it. A review of the ALJ's decision indicates that any analysis of evidence of record that could be considered relevant to the § 1527(c)(2) factors was conducted prior to the ALJ's statement that he declined to adopt the opinion.

Moreover, as in *Gayheart*, the ALJ's finding that "Dr. Gass and Mr. Miller's opinion [is] without substantial support from the other evidence of record," [Tr. 18], is ambiguous as he does not indicate why he has determined as much. *See Gayheart*, --- F.3d ---, 2013 WL 896255, at *10. The ALJ does not specify any objective evidence of record, which purportedly contradicts the opinions of Dr. Gass and Mr. Miller. As highlighted in *Gayheart*, for the treating physician rule to have the meaning and practical force prescribed in the regulation, the opinion of a treating source may not be afforded little or no weight simply because it conflicts with the opinions of nontreating and nonexamining doctors. *Gayheart*, --- F.3d ---, 2013 WL 896255, at *10. As the magistrate judge points only to the ALJ's consideration of the findings of an examining physician and a reviewing source as the evidence of record that is perceived as

12

inconsistent with the opinion in the summation form, the Court finds that plaintiff's objection is well-taken.

Accordingly, the Court finds that the ALJ failed to appropriately and fully apply to the proper legal standards to plaintiff's case, and the Court must decide whether this error demands that the case be remanded. The Sixth Circuit "has made clear that '[it] do[es] not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion and [the Sixth Circuit ]will continue remanding when [it] encounter[s] opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." *Cole*, 661 F.3d at 939 (quoting *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009) (citation and internal quotation marks omitted)). The Court will not remand the case if the violation is harmless error. A violation of the good reasons rule can be deemed "harmless error" if:

> "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation."

*Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (citation omitted).

The Court does not find that any of those exceptions apply here. Upon review of the record, the Court does not find the opinions expressed in the summation form to be patently deficient. The Court does not find that the ALJ adopted the opinion, and he did not make findings sufficiently consistent with the findings in the summation form to

13

satisfy the second exception.[2]  Last, the ALJ's opinion does not sufficiently explain to plaintiff what weight, if any, he gave to plaintiff's treating physician's opinion or his reasons for giving that weight.  Therefore, "the Commissioner cannot show that, despite his failure to comply with the terms of 20 C.F.R. § 1527(c)(2), he has otherwise met the regulation's goal."  *Gayheart*, --- F.3d ---, 2013 WL 896255, *14 (citing *Wilson*, 378 F.3d at 547).

## III. Conclusion

Plaintiff's objections [Doc. 20] will be **SUSTAINED** to the extent discussed herein and the R&R [Doc. 19] will be **REJECTED**.  Accordingly, plaintiff's Motion for Judgment on the Pleadings [Doc. 15] will be **GRANTED**, the Commissioner's Motion for Summary Judgment [Doc. 17] will be **DENIED**, and this case will be **REMANDED** for further proceedings consistent with this opinion.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The magistrate judge noted that the ALJ "ultimately found the Plaintiff retained a residual functional capacity ("RFC") that was largely consistent with the findings in the Summary Inquiry" [Doc. 19, p. 11].  The magistrate judge pointed out that the summation form indicates that "Plaintiff had 'fair' ability to carry out simple instructions, but could not carry out complex instructions or maintain concentration," and noted that "[t]he RFC determination effectively addressed these limitations by restricting the Plaintiff to performing only simple job instructions" and "restricts Plaintiff's interactions with the public, which to a degree addresses his social functioning" [*Id.*].  Upon review of the record, the Court finds that the RFC determination made by the ALJ does not fully reflect the severity of the impairments described in the summation form and is thus not consistent with the findings therein.